UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

EDWARDS ALEXO BORREGO-
GALVEZ,

Petitioner,

v.                                                      No. 6:26-CV-00102-H

PAM BONDI, et al.,

Respondents.

## ORDER

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that aliens who are present in the

United States without previously being admitted by immigration authorities—also known as

"applicants for admission"—must be detained under the INA.  166 F.4th 494 (5th Cir. Feb.

6, 2026).  Edwards Alexo Borrego-Galvez, a native and citizen of Venezuela, is one such

alien, having illegally entered the United States in May 2021.  His habeas petition, filed after

the Fifth Circuit's decision in *Buenrostro-Mendez*, demands either his release or a bond

hearing based on the Fifth Amendment's Due Process Clause.  Dkt. No. 1.

Borrego-Galvez's due process claim is not foreclosed by *Buenrostro-Mendez*.  But

neither the substantive nor procedural veins of due process afford alien petitioners a bond

hearing.  Due process is a contextual concept, and in the context of alien removal, it is a

limited one.  Congress determined that aliens like Borrego-Galvez are not entitled to bond,

but they are permitted to remain in U.S. custody and fight to remain here.  That is more

than sufficient process so far as the Due Process Clause is concerned.

Because the legal arguments and facts presented in the petition are indistinguishable

from those addressed in the Court's prior decisions denying relief, "it appears from the

application that the applicant or person detained is not entitled" to a writ of habeas corpus.[1] 28 U.S.C. § 2243.  Thus, while the Court would ordinarily issue an order to show cause, it exercises its discretion to forgo that step here.  *Id.*; *see Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998).  The petition, Dkt. No. 1, is denied.

**1.    Background**

Borrego-Galvez illegally entered the United States at an unknown location in May 2021.  Dkt. No. 1 at 4.  He asserts that he was "not apprehended at the border," but was subsequently detained by DHS and placed into removal proceedings with a Notice to Appear.  *See* Dkt. No. 1-2 at 15.  The NTA charged him with removability as an alien "present in the United States who has not been admitted or paroled."  *Id.*; *see* 8 U.S.C. § 1182(a)(6)(A)(i).  He was later released on an interim notice authorizing parole.  Dkt. No. 1-2 at 13.  He was detained by ICE on December 30, 2025 following a traffic stop.  Dkt. No. 1 at 3.

Borrego-Galvez requested a bond hearing, but the immigration court denied the request for lack of jurisdiction.  Dkt. No. 1-2 at 2; *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025) (holding that aliens present in the United States without

---

[1] *See, e.g.*, *Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025).

admission must be detained without bond under Section 1225(b)(2)(A) of the INA for the duration of their removal proceedings).[2]

Borrego-Galvez filed a petition for a writ of habeas corpus. Dkt. No. 1. He argues that because he was paroled into the United States and lived freely for several years, the mandatory-detention statute, 8 U.S.C. § 1225(b), does not apply. *Id.* at 4. Instead, he contends that he is subject to discretionary detention and an individualized bond hearing under Section 1226(a). Thus, he asserts that his detention without bond constitutes a due-process violation.

Prior to this case, the Fifth Circuit issued its decision in *Buenrostro-Mendez*, which agreed with *Yajure Hurtado* and upheld the government's mandatory-detention policy under Section 1225. *See* 166 F.4th at 498. The Fifth Circuit turned to the plain language of Section 1225, which provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall be detained* for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit found "no material disjunction" between the phrases "applicant for admission" and "seeking admission," and thus concluded that all applicants for admission fall within Section 1225(b)(2)(A)'s grasp. *Buenrostro-Mendez*, 166 F.4th at 502 (quoting *Garibay-Robledo*

---

[2] On February 18, 2026, the Central District of California purported to vacate *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, No. 5:25-CV-1873, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026). But as the Court explained in *Calderon Lopez v. Lyons*, the Central District lacks authority to enter such relief. ___ F. Supp. 3d ___, No. 1:25-CV-226, 2025 WL 3683918, at *10–14 (N.D. Tex. Dec. 19, 2025). The immigration judge acted in accordance with *Yajure Hurtado*, which binds immigration judges. *Garner v. U.S. Dep't of Lab.*, 221 F.3d 822, 825 (5th Cir. 2000). Thus, Borrego-Galvez's petition does not present an exhaustion problem. *Id.*

*v. Noem*, ___ F. Supp. 3d ___, No. 1:25-CV-177, 2026 WL 81679, at \*5 (N.D. Tex. Jan. 9, 2026)).

## 2.    Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2).  With 28 U.S.C. § 2241, Congress authorized federal courts to resolve habeas petitions, including in immigration-detention cases. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).  Habeas exists solely to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).  Thus, for the writ to issue, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require."  28 U.S.C. § 2243.

## 3.    Analysis

As noted above, Borrego-Galvez raises one due process claim in his petition. *Buenrostro-Mendez* does not foreclose this constitutional claim.  But the Court has considered whether the Due Process Clause entitles illegal aliens to individualized bond hearings in numerous prior cases.[3]  Even so, the Court considers the arguments raised in Borrego-Galvez's briefing to address whether bond-less detention of aliens present in the United States violates the Constitution.  The answer is no.

As an "applicant for admission," Borrego-Galvez has "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*,

---

[3] *See supra*, n.1.

591 U.S. 103, 140; *see Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has long held that an alien seeking initial admission to the United States requests a privilege and has no constitutional rights regarding his application, for the power to admit or exclude aliens is a sovereign prerogative."). With Section 1225, Congress set the procedural rights afforded to aliens who are present in the United States without admission. "Read most naturally," Section 1225(b)(2)(A) "mandate[s] detention of applicants for admission until certain proceedings have concluded." *Jennings*, 583 U.S. at 297. No part of the statute "says anything whatsoever about bond hearings." *Id.* Accordingly, Borrego-Galvez is not entitled to a bond hearing as a matter of procedural due process.

The fact that Borrego-Galvez was paroled into the United States does not alter this analysis. Section 1182(d)(5)(A) does not permit a distinction between aliens who are arriving in the literal sense and aliens who are trying to "remain" while on parole. Instead, the statute reads that parole "shall not be regarded as an admission of the alien" and that the alien "shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A); *see Jennings*, 583 U.S. at 288 (discussing Section 1182(d)(5)(A)). The INA's implementing regulations confirm this, stating that "[a]n arriving alien remains an arriving alien even if paroled pursuant to [Section 1182(d)(5)], and even after any such parole is terminated or revoked." 8 C.F.R. § 1.2. So even though Borrego-Galvez was temporarily paroled into the United States, it is clear that he remains subject to mandatory detention. *See Akhtar v. Gonzales*, 450 F.3d 587, 594 & n.31 (5th Cir. 2006) (discussing *Zheng v. Gonzales*, 422 F.3d 98, 117 (3d Cir. 2005)).

**4.    Conclusion**

In short, Borrego-Galvez, as an "applicant for admission," is properly detained without bond under Section 1225(b)(2)(A).  *Buenrostro-Mendez*, 166 F.4th at 498.  And the Due Process Clause does not require a bond hearing in these circumstances.  Thus, the petition for a writ of habeas corpus, Dkt. No. 1, is denied, and this civil action is dismissed.

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

Dated March 19, 2026.

_____
James Wesley Hendrix
United States District Judge